# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

BEN J. MEISELAS          (SBN 277412)
MARCUS PETOYAN          (SBN 109817)
MATTHEW M. HOESLY       (SBN 289593)
NOAH GELDBERG           (SBN 311722)
*Attorneys for Plaintiff*, GINA MANGRUBANG on behalf of herself, and all others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA MANGRUBANG, on behalf of herself and all others similarly situated;<br><br>        Plaintiff,<br><br>    vs.<br><br>SUTTER HEALTH, a California Nonprofit Public Benefit Corporation; and DOES 1–50;<br><br>        Defendants.<br>_____ | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. **FAILURE TO PAY WAGES (CAL. LAB. CODE §§ 1194 AND 1198, ET SEQ.);**<br>2. **FAILURE TO PAY OVERTIME WAGES (CAL. LAB. CODE §§ 510 AND 1198, ET SEQ.);**<br>3. **FAILURE TO PROVIDE MEAL AND REST BREAKS (CAL. LAB. CODE § 226.7);**<br>4. **WAITING TIME PENALTIES (CAL. LAB. CODE § 203);**<br>5. **FAILURE TO MAINTAIN AND PROVIDE ACCURATE WAGE STATEMENTS (CAL. LAB. CODE §§ 226 AND 1174, ET SEQ.);**<br>6. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE § 17200, ET SEQ.);**<br>7. **WILFULL VIOLATION OF THE FLSA (29 U.S.C. § 201, ET SEQ.);**<br>8. **VIOLATION OF THE FLSA**<br>9. **RETALIATION (CAL. LAB. CODE § 1102.5).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gina Mangrubang ("Plaintiff"), individually and as the representative of a Putative Class of similarly situated persons, alleges as follows:

## INTRODUCTION

1.      Plaintiff's putative class action lawsuit arises out of Defendant Sutter Health's ("Defendant" or "Sutter") illegal design to circumvent federal and state laws with the purpose of cutting costs and maximizing profits through a systematic scheme of exploiting and intimidating its employees to miss meal and rest breaks and to work overtime without appropriate compensation.

2.      Defendant Sutter engages in a host of despicable and illegal practices, including: the denial of meal and rest breaks to its employees, the denial of appropriate overtime compensation to its employees, and the denial of appropriate "penalty pay" to its employees when such "penalty pay" has been incurred by Sutter.

3.      Among the most egregious of Sutter's unlawful employment practices, are those directed toward its respiratory therapist employees. In an effort to cut costs, Sutter deliberately understaffs its respiratory therapy department in violation of Title 22 of the California Code of Regulations. What's worse, however, is that the dangerous staffing levels not only create peril for Sutter's patients, but also results in the denial of state-mandated meal and rest breaks to respiratory therapists who work tirelessly to ensure that their patients are being cared for appropriately.

4.      Respiratory therapists who attempt to take the duty-free meal and rest periods to which they are entitled by law are routinely denied the opportunity to do so. In fact, they are often required by their superiors to clock out for their breaks, but to remain "on duty" throughout them. Even if the respiratory therapists *are* allowed to take their breaks and receive permission from their supervisors before doing so, however, other higher-ranking individuals within Sutter will nevertheless reprimand them and accuse them of "jeopardizing patient safety" by going "off duty" to take their breaks! Sutter's managers have even gone so far as to attempt to manufacture evidence against respiratory therapists

in an attempt to find grounds to reprimand and discipline them for taking their state-mandated lunch and rest breaks, despite having received permission from their supervisors.

5.     Sutter's heinous conduct does not end there, however, as respiratory therapists and many other types of Sutter employees are forbidden from noting missed break and meal periods on their time cards. Further, in the event that these Sutter employees *do* note the missed break and meal periods on their time cards, Sutter's managers **alter** these timecards to omit references to these missed break and meal periods, so as to avoid having to pay penalty fees.

6.     Sutter viciously retaliates against employees who complain about its illegal conduct, subjecting them to increased discipline and denying them benefits granted to other employees who keep quiet about Sutter's blatant violations.

7.     Sutter further engages in a patterns and practice of forcing its nurses to clock out following their shift hours, but prior to fulfilling their charting duties. This unlawful practice prevents the nurses from accruing overtime, enabling Sutter to shortchange them.

8.     For years, Sutter has also denied state-mandated overtime pay to laboratory personnel and failed to compensate operating room and sterilization technicians for shift differential pay. Similar to its conduct with respect to its respiratory therapists, Sutter has forced laboratory workers to work through breaks and take their lunches during the final hour of their shifts in contravention to hospital policy and union bargaining agreements.

9.     Sutter has further endeavored to remove union representatives from common areas and shuffle union meetings to different Sutter locations in an effort to make its employees uncomfortable during these proceedings and reduce their bargaining power.

10.     Plaintiff brings this putative wage and hour class action for missed meal and rest breaks and overtime hours worked. On behalf of herself and others similarly situated, Plaintiff seeks equitable and injunctive relief, economic and statutory damages, prejudgment interest, costs and attorney's fees, and other appropriate relief against Sutter Health and Does 1 through 50, as alleged herein, for violations of the California Labor

Code. Plaintiff seeks relief authorized by the Fair Labor Standards Act and such additional relief awardable as a result of Defendants' unfair and unlawful conduct in violation of California Business and Professions Code § 17200, et seq.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a putative class action in which this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

12.     In addition, this Court has supplemental jurisdiction over Plaintiff's state wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims and those of the other Putative Class members occurred in the Northern District of California, as Defendant: (a) is authorized to conduct business in this District and has intentionally availed itself of the laws within this District; (b) currently does substantial business in this District; and (c) is subject to personal jurisdiction in this District.

## PARTIES

14.     At all times relevant to this matter, Plaintiff Gina Mangrubang ("Plaintiff") was a resident of Sonoma County, California and a citizen of California. Ms. Mangrubang was a non-exempt hourly employee employed by Sutter Health in Sonoma County, California. At all relevant times, Plaintiff was employed as a Respiratory Therapist at Sutter Santa Rosa Regional Hospital.

15.     Defendant Sutter Health, Inc. ("Sutter"), at all relevant times, is and was a California Nonprofit Public Benefit Corporation, with its headquarters in Sacramento, California. Sutter is a healthcare system that is comprised of doctors, hospitals and other health care professionals that provide services in more than 100 Northern California cities

- 4 -

and towns, with major service lines of care including: cardiac care, women's and children's services, cancer care, orthopedics and advanced patient safety technology.

16.     Plaintiff is informed and believes that during the relevant time period, Sutter employed no fewer than 150 non-exempt, full-time hourly employees in the State of California in healthcare staff positions, who were not paid in accordance with the FLSA and California State laws and regulations.

17.     Plaintiff is informed and believes, and thereon alleges that Sutter is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of the FLSA and the wage and hour laws, rules, and regulations of the State of California.

18.     At all relevant times, Sutter and Does 1 through 50, inclusive, were employers within the meaning of the California Industrial Wage Commission Wage Orders in that they directly or indirectly employed and exercised control over wages earned, hours worked, and working conditions of Putative Class members, including Plaintiff.

19.     At all times relevant to this action, Putative Class members, including Plaintiff, were employees of Sutter in Sonoma County, California and employed in healthcare staff positions. As such, the Putative Class members, including Plaintiff, were the types of persons contemplated to be protected by the FLSA and the California Labor Code, and said laws and regulations were intended to apply to Sutter specifically to prevent the types of injuries and damages alleged herein.

20.     As alleged herein, Sutter is responsible for the implementation of numerous policies and procedures in direct violation of the FLSA and California State laws, rules, orders, and regulations.

21.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein

as a Doe Defendant is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when the same have been fully ascertained.

22.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of and for such agency, employment, joint venture, and conspiracy and aided and abetted the unlawful conduct alleged herein.

23.     Plaintiff is further informed and believes, and thereon alleges, that at all relevant times, each Defendant was completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

24.     Plaintiff brings this putative class action on behalf of herself and on behalf of other current and former employees of Sutter and, pursuant to Business & Professions Code section 17000, et seq., on behalf of other members of the general public. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

25.     Sutter has engaged in a multitude of illegal employment practices affecting all manner of healthcare staff employed at its multiple facilities. Plaintiff and the other

members of the Putative Class have been injured by Sutter's practices in that they have been forced to miss meal and rest breaks, forced to work overtime without proper compensation, and forced to work in understaffed conditions. Plaintiff and the other members of the Putative Class have further been affected by Sutter's illegal alterations of their timecards, which have had the effect of deleting indications of overtime hours worked and meal and rest breaks missed such that Sutter has been able to avoid having to pay penalties for its violations.

28.    Sutter has mandated that Plaintiff and the other members of the Putative Class forego and/or work through state-mandated meal and rest breaks or else defer these in contravention to union bargaining agreements and hospital policy. Sutter has further required and demanded that Plaintiff and other members of the Putative Class work in understaffed conditions, thus creating danger to patients. Sutter has further required and demanded that Plaintiff and the other members of the Putative Class work beyond their shift times without overtime compensation and has altered the timecards of Plaintiff and the other members of the Putative Class so as to erase any record of the many violations detailed herein. The amount of wages owed to Plaintiff and the other members of the Putative Class is readily and objectively ascertainable.

29.    Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated and seeks class certification under Federal Rule of Civil Procedure 23. Plaintiff may properly maintain this action as a class action pursuant to Rule 23 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable.

30.    All claims herein for which Plaintiff seeks relief arise under the FLSA and California law.

31.    Plaintiff is a respiratory therapist ("RT") employed at Sutter Santa Rosa Regional Hospital.

32.    On November 24, 2018, Sutter knowingly understaffed its respiratory therapy

department in violation of Title 22 of the California Code of Regulations, placing just two respiratory therapists and a student on duty for all patients.[1] Plaintiff, a licensed respiratory therapist, asked her registered nurse supervisor to make appropriate accommodations for her lunch period according to hospital policy at 9:30 a.m. Plaintiff's nursing supervisor granted her permission to take her lunch period and sent her on her lunch break at 4:00 p.m.

33.     On November 24, 2018, and during one of her shifts, Plaintiff's manager, Chris Strunk ("Mr. Strunk") asked one of Plaintiff's colleagues why Plaintiff had left the building. Plaintiff's colleague, who was her registered nurse supervisor, indicated that she had deemed it safe for Plaintiff to take her state-mandated lunch break because other individuals who were capable of covering for Plaintiff were "on duty". Plaintiff was subsequently reprimanded by Mr. Strunk for leaving the building and taking her state-mandated lunch break.

34.     The situation repeated itself on November 25, 2018, when Sutter again knowingly understaffed the Respiratory Therapy department such that only one Respiratory Therapist was "on duty" when Plaintiff requested permission to take her state-mandated lunch from her registered nurse supervisor, who granted Plaintiff such permission. Plaintiff was again reprimanded by Mr. Strunk for taking her state-mandated lunch break.

35.     Despite Plaintiff's registered nurse supervisor taking full responsibility for releasing Plaintiff for her lunch breaks, Mr. Strunk interrogated Plaintiff's coworkers in attempting to determine why Plaintiff had left the building for her meal periods. While Plaintiff's coworkers indicated that they did not feel unsupported when Plaintiff elected to take her meal periods, Mr. Strunk later twisted their accounts of what had transpired in an effort to make Plaintiff appear guilty of having "abandoned" her co-workers.

36.     On November 27, 2018, Mr. Strunk wrote an email to Plaintiff in which he stated that Plaintiff's co-worker "did not feel" safe without Plaintiff present and on-duty

---

[1] Regarding respiratory therapist to patient ratios, 22 CCR § 70405(g) provides that, "Sufficient respiratory care practitioners and/or respiratory care technicians shall provide support for resuscitation and maintenance of the mechanical ventilators in a ratio of 1:4 or fewer on each shift." 22 CCR § 70405(g).

due to the patient load and severity of patient conditions. Mr. Strunk stated that he does "not authorize anyone to take a duty free break and leave only one staff RT on duty to cover the entire hospital."

37.     In addition, Mr. Strunk altered Plaintiff's timecards such that they omitted indications of missed meal periods on October 27 and 31, 2018 and November 25, 2018.

38.     On December 5, 2018, Plaintiff was called to a meeting attended by Mr. Strunk with respect to the events that transpired on November 24th and 25th, 2018. During the meeting, Plaintiff's superiors questioned her on unrelated matters, including purported charges that Plaintiff had "practice[ed] outside her scope of practice." Plaintiff's superiors confronted her with these unfounded charges and referred to them as "very serious" in an attempt to intimidate Plaintiff.

39.     On January 4, 2019, Plaintiff was called into Mr. Strunk's office for "unprofessional conduct." Mr. Strunk refused to give Plaintiff any particulars about the conduct being referred to, but indicated that it had taken place on December 21 and 22, 2018. Mr. Strunk denied Plaintiff union representation after she requested that a union steward be present during this reprimand meeting.

40.     On Saturday, January 5, 2019, Plaintiff contacted Mr. Strunk by text message pursuant to a hospital policy that Mr. Strunk had repeatedly posted in order to inform him that she wished to have break coverage so that she could avoid a missed meal period. Mr. Strunk responded as follows: "I ask that you please respect my privacy and consider that if not during normal business hours whether it is a true emergency before consulting me on Saturday afternoons." Mr. Strunk ultimately told Plaintiff to take her lunch break during the tenth hour of her shift in contravention to both union bargaining agreements and Sutter's own hospital policies.[2]

41.     Subsequently, on January 5, 2019, Plaintiff sent an email to Mr. Strunk and others at Sutter complaining about the meal and rest break issues she had experienced and

---

[2] Sutter hospital policy and union bargaining agreements both state that meal periods should be taken as "near to the middle of the shift as reasonably possible."

specifically, about Mr. Strunk's conduct in connection with her experience.

42.     On January 18, 2019, Mr. Strunk gave Plaintiff a verbal warning regarding her complaints about her meal and rest breaks. Once again, Plaintiff was denied union representation during the confrontation with Mr. Strunk.

43.     On February 5, 2019, Sutter understaffed its Respiratory Therapy Department at Plaintiff's hospital in violation of Title 22 of the California Code of Regulations. As a result, Plaintiff was denied a state-mandated meal period.

44.     On February 6, 2019, Sutter again understaffed its Respiratory Therapy Department at Plaintiff's hospital in violation of Title 22. Plaintiff complained to Mr. Strunk that the level of staffing was extremely dangerous. Mr. Strunk simply replied, "I've worked in tons of dangerous conditions before."

45.     On February 8, 2019, Sutter once again understaffed its Respiratory Therapy Department at Plaintiff's hospital t in violation of Title 22. This time, a physician by the name of Dr. Stafford complained about it, but nothing was done to remedy the situation.

46.     After months of Plaintiff complaining about Sutter's working conditions, on May 22, 2019, Mr. Strunk summoned Plaintiff to a meeting in his office. Plaintiff inquired of Mr. Strunk whether the meeting was going to lead to disciplinary action, explaining that if so, she would need union representation. Mr. Strunk represented to Plaintiff that the meeting would not lead to disciplinary action and Plaintiff accordingly remained present for the remainder of the meeting without a union representative. Following the meeting, however, Plaintiff learned that a disciplinary action had been filed against her and Mr. Strunk had misrepresented the nature of the meeting, depriving her of her rights.

47.     Plaintiff's experiences described herein are but one example of the systematic way in which Defendant Sutter has taken advantage of its employees by: (1) employing cost-cutting measures that are illegal and dangerous for patients; (2) denying its employees state-mandated duty-free meal and rest breaks; (3) going out of its way to reprimand employees who take the meal and rest breaks to which they are entitled by law; (4)

- 10 -

covering up its illicit conduct by illegally altering timecards after the fact so that meal and rest break violations are not documented; and (5) retaliating against employees who complain about Sutter's unlawful conduct.

48.     Plaintiff and the other members of the Putative Class have been denied meal and rest breaks on a regular basis since Plaintiff began working for Sutter in March 2014. During that time, Sutter has perpetrated other types of illegal employment-related conduct involving Respiratory Therapists and other types of healthcare staff workers.

49.     Specifically, and as to its Respiratory Therapists, Sutter maintains a policy and practice of forcing its Respiratory Therapists to "clock out" for their meal and rest breaks, yet Sutter forces them to remain "on duty" during these meal and rest breaks, such that Respiratory Therapists are deprived of an "off duty" meal and rest break. Sutter further forbids its Respiratory Therapists from indicating missed meal and rest breaks on their time cards through the Kronos time-keeping software program that Sutter utilizes.

50.     As to its Nurses, Sutter has engaged in a pattern and practice of compelling these professionals to "clock out" at the end of their shift hours, but doing so prior to the Nurses' completion of their charting duties. Nurses must then spend additional time completing their charting responsibilities, for which they are not properly compensated. By way of this practice, Defendant Sutter denies overtime compensation to its Nurses.

51.     Sutter has engaged in other egregious practices in an effort to deprive its employees of overtime pay. One such practice is the denial of "consecutive pay." Consecutive pay is payment at one and one half times an employee's normal rate for hours worked over forty during a workweek. Sutter denies its employees their consecutive pay by categorizing employee time such that employee hours worked beyond forty hours in a given week are considered as falling within a new workweek/pay period. Thus, Sutter is able to avoid paying overtime since employees are denied their "consecutive pay."

52.     Sutter has also denied state-mandated overtime pay to laboratory personnel and has failed to compensate operating room and sterilization technicians for shift

differential pay. Further, Sutter has forced laboratory workers to work through meal and rest breaks and has forced them to take their lunches during the final hour of their shifts in contravention to hospital policy and union bargaining agreements.

53.     Sutter has further endeavored to remove union representatives from common areas and to shuffle union meetings to different Sutter locations in an effort to make its employees uncomfortable during these vital proceedings and reduce their bargaining power.

54.     The Putative Class that Plaintiff seeks to represent in this class action is composed of current and former non-exempt hourly employees who are or were employed by Sutter in California as healthcare staff, including, but not limited to: Respiratory Therapists, Phlebotomists, Pharmacy Technicians, ER Technicians, Imaging Personnel, Nursing Assistants, Physicians, and Nurses, all of whom have worked for Sutter at any time beginning four (4) years preceding the filing of the Complaint in this action through settlement or final judgment in this matter.

55.     Plaintiff also seeks to represent a Putative Subclass (the "Former Employee Subclass") for certain class action causes of action, that is composed of former non-exempt hourly employees who are or were employed by Sutter in California as healthcare staff, including, but not limited to: Respiratory Therapists, Phlebotomists, Pharmacy Technicians, ER Technicians, Imaging Personnel, Nursing Assistants, Physicians, and Nurses, all of whom have worked for Sutter at any time beginning four (4) years preceding the filing of the Complaint in this action through settlement or final judgment in this matter.

**Collective Action Under the FLSA**

56.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     Defendants, and each of them, save and except for Defendant Sutter, which is sued as an entity, are sued in their individual and official capacities.

58.     Each Defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein.

59.     Plaintiff files this collective action on behalf of herself and on behalf of other former or current employees of Sutter who may be similarly situated ("Putative Class").

### Meal and Rest Break Allegations

60.     Sutter knew or should have known that Plaintiff and the other members of the Putative Class were entitled to receive a duty-free meal period within the first five hours of any shift of six or more hours, and that any failure to provide such a period requires Sutter to pay Plaintiff and the other members of the Putative Class one hour of wages per day for untimely, missed, or interrupted on-duty meal periods.

61.     Sutter knew or should have known that Plaintiff and the other members of the Putative Class were entitled to a fifteen-minute rest break for each shift of four hours, and that any failure to provide such a break requires Sutter to pay Plaintiff and the other members of the Putative Class one hour of wages per day for missed rest breaks.

62.     Despite the mandates of the FLSA, Sutter intentionally created and maintained an unlawful environment in which employees were routinely denied meal and rest breaks, or else reprimanded for taking such rest breaks even with supervisor approval. Further, Sutter illegally manipulated and altered its employee timecards to cover up violations of the laws relating to meal and rest breaks so as to avoid having to pay penalties to Plaintiff and the other members of the Putative Class.

63.     Sutter further intentionally violated the FLSA and other applicable state laws herein alleged to have been violated by unlawfully requiring and demanding that Plaintiff and the other members of the Putative Class continue to work during their duty-free meal periods without taking any breaks during full shifts—either eight, ten or twelve hours.

64.     Sutter deliberately and consistently created an overtly high-stress, high-intensity, and hostile atmosphere for its employees. It accomplished this by (1) employing

cost-cutting measures that are illegal and dangerous for patients, namely understaffing its respiratory therapy department; (2) denying its employees state-mandated duty-free meal and rest breaks; (3) going out of its way to reprimand employees who take the meal and rest breaks to which they are entitled by law even if they receive prior permission from their supervisors; (4) covering up its illicit conduct by illegally altering timecards after the fact so that meal and rest break violations are not documented; and (5) retaliating against employees who complain about its improper conduct. Defendant Sutter's conduct runs afoul of both the FLSA and state law.

65.    Sutter managers created this intolerable atmosphere by deliberately understaffing its departments as a cost-cutting measure in violation of state law, denying meal and rest breaks to Plaintiff and the other members of the Putative Class as a result of the low staff numbers, reprimanding and disciplining Plaintiff and the other members of the Putative Class for taking their breaks and meal periods, even with supervisor approval, altering the time cards of Plaintiff and the other members of the Putative Class to avoid documentation of violations of the law, and retaliating against Plaintiff and the other members of the Putative Class for complaining about and/or reporting its conduct.

66.    Sutter had an unlawful policy of staffing only two Respiratory Therapists for an entire hospital in contravention of 22 CCR § 70405(g) in an effort to save costs.

67.    As a result of Sutter's illegal and dangerous understaffing practice, Sutter managers engaged in the illegal practice of denying Plaintiff and the other members of the Putative Class the meal and rest breaks to which they were entitled by law.

68.    In the event that Plaintiff and the other members of the Putative Class received supervisor permission to take their meal and rest periods, Sutter managers engaged in the illegal practice of reprimanding them and disciplining them, sometimes going so far as to attempt to manufacture evidence to indicate that they had left co-workers unsupported and patients in danger.

69.    Sutter also maintained an unlawful policy of altering employee timecards to

omit references to missed meal and rest breaks so as to avoid having to pay penalties for the violations associated with these.

70.     Additionally, Sutter forced employees to clock out for meal and rest periods and yet to remain on duty during these periods such that employees were deprived of their meal and rest periods, but time records indicated to the contrary. Sutter further forbade employees from noting missed meal and rest breaks on their timecards.

71.     Sutter forced its unlawful scheme relating to meal and rest breaks upon Plaintiff and the other members of the Putative Class. From Plaintiff's first day of employment to the present day, Plaintiff has worked multiple days each month without taking a lunch break and/or being allowed to take a rest break.

72.     Sutter's practice of requiring Plaintiff and the other members of the Putative Class to work without meal or rest breaks is in violation of the Industrial Welfare Commission's wage order, the California Labor Code, and relevant laws, rules, orders, requirements, and regulations. It is also in violation of the FLSA.

73.     Based on Plaintiff's hourly rate, Plaintiff is owed, at a minimum, $1,418.62 per month in uncompensated meal and rest breaks ($17,023.44 per year).

74.     Defendant Health required and caused its non-exempt employees to work its shifts of eight, ten or twelve (or more) hours without meal and rest breaks—or at least appropriate compensation for those missed meal and rest breaks. Plaintiff and the other members of the Putative Class are entitled to back wages to compensate them retroactively for all meal and rest break periods of which they were deprived during the class period, plus all penalties, in addition to one hour's compensation for each meal or rest break missed as prescribed by I.W.C. Wage Order 5-2001.

## Overtime Allegations

75.     Sutter knew or should have known that the members of the putative class, including Plaintiff, were non-exempt, full-time hourly employees entitled to receive overtime compensation for all hours worked above forty hours in a workweek, and that

Sutter was required to pay members of the Putative Class one and a half times their wages for all hours worked above the normal maximum number of hours in a workday and/or workweek.

76.     Despite the mandate of the FLSA and other applicable state laws, Sutter intentionally created and maintained an unlawful system by which Sutter would force its Respiratory Therapists to work overtime by compelling them to clock out during their meal and rest breaks, yet force them continue working through those breaks by keeping them "on call". Thus, Respiratory Therapists accrued undocumented overtime during periods when they should have been "off duty" with respect to their missed meal and rest breaks.

77.     Sutter further forced its Nurses to complete their charting duties after clocking out, and thus to accrue undocumented overtime hours after their shifts.

78.     Sutter has further created and maintained an unlawful system by which it resets employee pay periods after employees have worked the maximum number of normally compensated hours so as to deprive employees of overtime pay.

79.     Sutter further intentionally violated the FLSA and other applicable state laws by unlawfully requiring and demanding that Plaintiff and the other members of the Putative Class work beyond eight hours in a workday (California law) and forty hours in a workweek (FLSA) without appropriate overtime compensation.

80.     Sutter deliberately and consistently created an overtly high-stress, high-intensity, and hostile atmosphere for its employees to work in, and through methods of intimidation and retaliation, compelled Plaintiff and the other Members of the Putative Class to work under intolerable and unlawful conditions. Sutter managers forced Plaintiff and the other members of the Putative Class to clock out for meal and rest breaks and yet work through those breaks, thus accruing undocumented overtime hours. Employees who took their meal and rest breaks faced retaliation in the form of disciplinary action.

81.     Sutter altered employee timecards to erase indications of overtime hours worked and meal and rest breaks missed so as to avoid having to pay overtime wages and

penalty fees. In other instances, Sutter forbade employees from noting missed meal and rest breaks on their timecards in the first place.

82.     Sutter enforced its unlawful policies and practices upon Plaintiff and the other members of the Putative Class alike. From Plaintiff's first day of employment to the present, Plaintiff worked, on average, one hour of overtime per day and three hours of overtime per week without compensation.

83.     Plaintiff works at least three twelve-hour shifts per week, and is entitled during each shift to take three fifteen-minute rest breaks and two thirty-minute meal periods. Plaintiff is forced to work through all of her breaks during approximately one half of the shifts that she works.

84.     Sutter's practice of requiring Plaintiff and the other members of the Putative Class to work, at a minimum, an average of three overtime hours per week without compensation is in violation of the Industrial Welfare Commission's wage order, the California Labor Code, and relevant laws, rules, orders, requirements, and regulations. It is also in violation of the FLSA. Plaintiff is owed, at a minimum $744.82 per month in uncompensated overtime wages ($8,937.81 per year).

## Class Action Allegations

85.     This action is brought, and may properly be maintained, as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. This action satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of these provisions.

    a.   Numerosity: The Putative Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of Putative Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and based thereon alleges, that Sutter employed well over 150 persons in hourly positions during the class period.

b.  Commonality: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

  i.  Whether Defendants had a policy and practice of deliberately understaffing its departments as a cost-saving measure;

  ii.  Whether Defendants had a policy and practice of failing to authorize and permit Putative Class members to take a fifteen-minute rest break for every four hours worked in a shift and whether such policy and practice is and was unlawful;

  iii.  Whether Defendants had a policy and practice of failing to authorize and permit Putative Class members to take duty-free meal breaks for every shift lasting longer than five hours and whether such policy and practice was unlawful;

  iv.  Whether Defendants had a policy and practice of reprimanding and/or disciplining employees for taking the meal and rest breaks to which they were entitled and whether such policy and practice was unlawful;

  v.  Whether Defendants had a policy and practice of altering employee timecards such that they would not reflect missed meal and rest breaks and whether such policy and practice was unlawful;

  vi.  Whether Defendants had a policy and practice of forbidding employees to note missed meal and rest breaks on their timecards and whether such policy and practice was unlawful;

  vii.  Whether Defendants had a policy and practice of requiring employees to work beyond eight hours in a day or forty hours in a week without overtime compensation and whether such policy and practice was unlawful;

viii. Whether Defendants' policy and practice of not providing duty-free meal periods and rest periods resulted in incorrect wage statements being provided to Putative Class members;

ix. Whether Defendants' policies and practices as alleged herein violated section 17200, et seq. of the California Business and Professions Code;

x. Whether Defendants violated section 2698, et seq. of the California Labor Code by engaging in the policies and practices alleged herein; and

xi. Whether penalties should be assessed for the alleged Labor Code violations;

c. Typicality: Plaintiff's claims are typical of the claims of the Putative Class members. Plaintiff and the members of the class sustained damages arising out of Defendants' common policies and practices alleged herein.

d. Adequacy: Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interest that is adverse to the interests of other Putative Class members.

e. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of the class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be

- 19 -

substantial, and substantially more than the costs and burdens of a class action. Class litigation would also prevent the potential for inconsistent or contradictory judgments.

f.  Public Policy Considerations: When employers violate state wage and hour laws as is the case here, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive that their former employers can frustrate their efforts to find future employment through negative references and other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights. The members of the class are so numerous that the joinder of all members would be impractical and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. There is a well-defined community of interest in the questions of law or fact affecting the Putative Class in that the legal questions of violation of the contractual agreements with employees, the Wage Order, the California Labor Code, and the California Unfair Business Practices Act, are common to the Putative Class members. The factual questions relating to the amount of wages of which Defendants have deprived Putative Class members and applicable penalties are also common to the Putative Class members.

87.    A representative action pursuant to the Unfair Business Practices Act on behalf of the general public is appropriate and necessary because the trade practices of Defendants as alleged herein violated California law. Plaintiff also requests, pursuant to the Unfair Business Practices Act, that this Court exercise its ancillary jurisdiction over the sums unlawfully retained by Defendants as a result of the conduct alleged herein and order disgorgement of unpaid residuals to all affected members of the Putative Class.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION

### UNPAID WAGES

### California Labor Code §§ 1194, 1194.2, and the Wage Order

### (*By Plaintiff and on Behalf of All Putative Class Members against All Defendants*)

88.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

89.     This action is brought pursuant to Labor Code § 1194, which provides for an employee to recover in a civil action the unpaid balance of the full amount of compensation due, including interest thereon, attorney's fees, and costs, notwithstanding any agreement to work for a lesser wage and the Wage Order.

90.     This action is also brought pursuant to Section 7 of the Wage Order which requires employers to pay employees one and one half times their normal hourly rate for hours worked in excess of eight per day and in excess of forty per week. (Wage Order 7-2001.)

91.     Defendants required Plaintiff and Putative Class members to work through their meal and rest breaks and to clock out for these breaks without being relieved of their duties and/or to clock out at the ends of their shifts but prior to completing their duties, and/or Defendants improperly categorized hours in excess of eight per day or forty per week as falling within a new pay period. As a result, members of the Putative Class, including Plaintiff, are entitled to receive compensation for overtime hours actually worked and the hours that they were denied duty-free meal and rest breaks.

92.     Defendants further altered the timecards of Plaintiff and the other members of the Putative Class such that they would not reflect overtime hours worked and meal and rest breaks skipped in an effort to eliminate any record of code violations and overtime hours and to deprive Putative Class members of overtime pay. Defendants additionally forbade Plaintiff and the other members of the Putative Class from indicating missed meal

and rest breaks and/or overtime hours worked on their time cards in other instances.

93.     Defendants' failure to pay Putative Class members, including Plaintiff, for all hours worked violated and continues to violate California Labor Code § 1194 and Section 7 of the Wage Order. Consequently, Putative Class members were not paid in compliance with California law.

94.     As a direct and proximate result of Defendants' conduct as hereinabove alleged, Putative Class members, including Plaintiff, have sustained and will continue to sustain damages in the amount of unpaid wages, together with interest thereon, attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

### UNPAID OVERTIME COMPENSATION

### Violation of the Wage Order and California Labor Code § 510

### (*By Plaintiff and on Behalf of All Putative Class Members against All Defendants*)

95.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

96.     This action is brought pursuant to the Wage Order and California Labor Code § 510.

97.     Under the Wage Order and California Labor Code § 510, Defendants are required to compensate members of the Putative Class, including Plaintiff, for all overtime hours worked, which overtime is calculated at one and one half times the regular rate of pay for hours worked in excess of eight hours per day and/or forty hours per week, and two times the regular rate of pay for hours worked in excess of twelve hours per day.

98.     Defendants intentionally violated the FLSA and state law by requiring Plaintiff and Putative Class members to work through their meal and rest breaks and to clock out for these breaks without being relieved of their duties and/or to clock out at the ends of their shifts but prior to completing their duties, and/or Defendants intentionally

violated the FLSA and state law by improperly categorizing hours in excess of eight per day or forty per week as falling within a new pay period. As a result, members of the Putative Class, including Plaintiff, are entitled to receive compensation for overtime hours actually worked and the hours that they were denied duty-free meal and rest breaks.

99.    Defendants further altered the timecards of Plaintiff and the other members of the Putative Class such that they would not reflect overtime hours worked and meal and rest breaks skipped in an effort to eliminate any record of code violations and overtime hours and to deprive Putative Class members of overtime pay. In other instances, Defendants forbade Plaintiff and the other Putative Class members from indicating missed meal and/or rest breaks and/or overtime hours worked on their timecards in the first place.

100.    Sutter enforced its unlawful scheme upon Plaintiff and the other members of the Putative Class alike. From Plaintiff's first day of employment and up until the present date, Plaintiff has regularly worked overtime without overtime compensation. Plaintiff has worked, on average, one overtime hour per day and three overtime hours per week without compensation. Plaintiff and Putative Class members would receive instructions from their supervisors and managers to clock out for meal and rest breaks, and yet to continue to remain on duty throughout these breaks. Plaintiff and the other members of the Putative Class would further receive instructions from supervisors and managers to clock out at the ends of their shifts but before finishing all their duties.

101.    Sutter's practice of requiring Plaintiff and Putative Class members to work overtime without compensation is in violation of the Industrial Welfare Commission's wage order, the California Labor Code, and relevant laws, rules, orders, requirements and regulations. Plaintiff and the other members of the Putative Class are owed overtime compensation based on their hourly rates. Plaintiff is owed, at minimum, $744.82 per month in uncompensated overtime wages ($8,937.81 per year).

102.    As set forth above, when Putative Class members, including Plaintiff, were required to work through meal and rest periods and/or to clock out and retain professional responsibilities during such periods and/or after the workday, the additional

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

time periods during which they were working may have caused the duration of their workdays to be more than eight hours, even if the employees were clocked out during this additional time period. The employees were not paid overtime compensation for this extra time.

103.    The failure of Defendants to pay Putative Class members, including Plaintiff, for all hours worked directly violates Section 3 of the Wage Order. Consequently, Putative Class members, including Plaintiff, were not paid in compliance with California law. As a direct and proximate result of Defendants' conduct as herein alleged, Putative Class members, including Plaintiff, have sustained and will continue to sustain damages for unpaid overtime compensation, together with interest thereon, attorney's fees, and costs of suit.

104.    Defendants' conduct described herein violates the overtime provisions of the Wage Order. Accordingly, pursuant to § 1194 of the California Labor Code, Putative Class members, including Plaintiff, are entitled to recover the unpaid balance of wages owed, penalties (plus interest) and reasonable attorney's fees and costs of suit, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL/REST BREAKS

### Violation of Labor Code § 226.7

***(By Plaintiff and on Behalf of All Putative Class Members against All Defendants)***

105.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

106.    Members of the Putative Class, including Plaintiff, were regularly required to forego their meal and rest breaks, or were required to continue working through these breaks, as a matter of uniform company policy, in violation of Labor Code § 226.7 and the Wage Order.

107.   In the rare event that Plaintiff and the other members of the Putative Class were allowed to take their meal periods after obtaining permission from their supervisors, Plaintiff and the other members of the Putative Class were reprimanded and disciplined for taking their breaks.

108.   Sutter further altered the timecards of Plaintiff and the other members of the Putative Class so as to eliminate any record of code violations related to missed meal and rest periods and to eliminate any record of penalties owed. Defendants additionally forbade Plaintiff and the other members of the Putative Class from indicating missed meal and rest breaks and/or overtime hours worked on their time cards in other instances.

109.   Sutter further intentionally violated the FLSA and State laws by unlawfully requiring and demanding that Plaintiff and Putative Class members continue to work during their duty-free meal periods without taking any breaks during shifts as long as twelve hours. Additionally, Defendant Sutter required Plaintiff and the other members of the Putative Class to clock out for their breaks despite remaining on duty during these breaks so as to conceal the fact that Plaintiff and the other member of the Putative Class were being denied their state-mandated meal and rest periods.

110.   Defendant Sutter forced its unlawful scheme to deny meal and rest breaks upon Plaintiff and Putative Class members alike. From Plaintiff's first day of employment and up until the present date, Plaintiff worked, on average, six of her twelve monthly shifts without taking a lunch break and without being allowed to take a rest break.

111.   Defendant Sutter's practice of requiring Plaintiff and Putative Class members to work without meal or rest breaks is in violation of the Industrial Welfare Commission's Wage Order, the California Labor Code, and relevant laws, rules, orders, requirements and regulations. Plaintiff is owed, at a minimum, $1,418.62 per month in uncompensated meal and rest breaks ($17,023.44 per year).

112.   Accordingly, the Putative Class members, including Plaintiff, are entitled to one hour of compensation at their regular hourly rate for each meal period not provided and

one hour of compensation for each day that the requisite rest periods were not permitted in penalty wages pursuant to California Labor Code § 226.7, in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### Violation of California Labor Code § 203

### (*By Plaintiff and on Behalf of All Putative Class Members against All Defendants*)

113.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

114.    The members of the Putative Former Employee Subclass whose employment with Defendants was terminated were, at all times during their employment with Defendants, entitled to wages for all hours worked but unpaid, including overtime compensation, and wages for the failure to provide meal and rest breaks.

115.    California Labor Code § 201(a) provides that: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 202(a) provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

116.    More than thirty days have passed since Plaintiff and the other members of the Putative Former Employee Subclass quit or were discharged from their positions with Defendants.

117.    Defendants willfully failed to pay all wages due to Putative Former Employee Subclass members, who have terminated their employment with Defendants, by the applicable deadlines set forth in the California Labor Code.

118.   As a consequence of Defendants' willful failure to pay the Putative Former Employee Subclass members all wages due at the time of termination, the Putative Former Employee Subclass members are entitled to thirty days' wages as penalty damages pursuant to California Labor Code § 203.

### FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**Violation of California Labor Code §§ 226(a) and 226(e)**

**(*By Plaintiff and on Behalf of All Putative Class Members against All Defendants*)**

119.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

120.   At all times relevant hereto, California Labor Code § 226(a) provides, and provided, that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

121.   Defendants have intentionally and willfully failed to provide Putative Class members, including Plaintiff, with complete and accurate wage statements. The deficiencies include, among other things, the failure to list the true "total hours worked" by Putative Class members due to Defendants' policy and practice of requiring Putative Class members, including Plaintiff, to work overtime after clocking out and/or to clock

out during meal and rest breaks and yet continue working through these breaks, and further due to Defendants' illegal practice of altering timecards to omit records of overtime hours worked and meal and rest breaks missed.

122.   As a result of Defendants' violation of California Labor Code § 226(a), members of the Putative Class, including Plaintiff, have suffered injury and damage to their statutorily protected rights.

123.   Specifically, Putative Class members, including Plaintiff, have been injured by Defendants' intentional violations of Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

124.   Putative Class members, including Plaintiff, are entitled to recover from Defendants the greater of their actual damages or Fifty Dollars ($50.00) per employee for the initial pay period in which a violation occurs and One Hundred Dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding Four Thousand Dollars ($4,000.00) per employee caused by Defendants' failure to comply with Labor Code § 226(a).

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### Violation of Business & Professions Code § 17200, et seq.

#### (By Plaintiff and on Behalf of All Putative Class Members against All Defendants)

125.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

126.   Defendants' violations of California labor laws and wage orders, set forth herein above, constitute unfair business practices because the violations were and are done repeatedly over a significant period of time and in a systematic manner.

127.   A violation of California Business & Professions Code § 17200, et seq. may

be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of Business & Professions Code § 17200, et seq.

### Failing to Pay Overtime

128.   Defendants' failure to pay overtime compensation in accordance with the Labor Code and the Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business & Professions Code § 17200, et seq.

### Failing to Provide Meal and Rest Periods

129.   Defendants' failure to provide legally required meal periods in violation of the Labor Code and the Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business & Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

130.   Defendants' failure to provide accurate itemized wage statements in accordance with the California Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business & Professions Code § 17200, et seq.

### Failing to Timely Pay Wages Upon Termination

131.   Defendants' failure to timely pay wages upon termination in accordance with the Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business & Professions Code § 17200, et seq.

132.   Defendants' actions in violation of California labor laws and wage orders constitute unfair competition and advantages over Defendants' competitors, and unfair, deceptive, and unlawful business practices under Business & Professions Code § 17200, et seq. Said actions of Defendants have deprived and continue to deprive Putative Class and Subclass members, including Plaintiff, and other members of the general public, of the minimum working standards and conditions due to them under the California employment

laws and the Wage Order as specifically described herein.

133.   Plaintiff, on behalf of herself, similarly situated Putative Class members, and other similarly situated members of the general public, seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices complained of herein. Plaintiff seeks on her own behalf, on behalf of Putative Class members, and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the four years preceding the filing of the original Complaint in this action.

134.   Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004 on behalf of herself and other Putative Class members against whom one or more of the violations of the Labor Code were committed.

## SEVENTH CAUSE OF ACTION

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT VIOLATION OF 29 U.S.C. § 201, ET SEQ.

**(*By Plaintiff and on Behalf of All Putative Class Members against All Defendants*)**

135.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

136.   Sutter has either recklessly, willfully, knowingly, or intentionally done the unlawful actions herein alleged and failed and refused to compensate Plaintiff and Putative Class members for: all the overtime hours worked, the unlawful deductions for meal and rest breaks not had, the failure to maintain accurate pay records and the engagement in an unlawful policy of intimidation and retaliation as set forth herein. As a result, Plaintiff and Putative Class members are entitled to damages for the 3-year period last past for the violations and continuing forward to the termination of this suit by

judgment, settlement, or upon Sutter customs, practices, policies, usages and procedures.

137. Sutter enacted such procedures as alleged herein, which institutionally prevented Plaintiffs and the members of the Putative Class from receiving compensation for hours worked in excess of the standard forty-hour workweek. Sutter also required Plaintiff and Putative Class members to continue with their work during meal and rest periods for which they had been forced to clock out and after their scheduled workdays ended, all without compensation, resulting in Plaintiff and Putative Class members working in excess of a forty-hour workweek.

138. In doing all the things described and alleged above, Sutter has deprived Plaintiff and Putative Class members of their rights, privileges, and immunities secured to them under the FLSA, which clearly sets forth that Plaintiff and Putative Class members are entitled to be paid at the rate of one and one half times their regular rate of pay for all FLSA overtime hours worked, and are also entitled to be paid compensation for all missed and/or interrupted meal periods for which deductions were made, including meal breaks taken at the worksite while Plaintiff and Putative Class members continued to work.

139. Plaintiff and Putative Class members are entitled to liquidated damages in an amount equal to the sums withheld from their pay.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### VIOLATION OF 29 U.S.C. § 201, ET SEQ.

**(*By Plaintiff and on Behalf of All Putative Class Members against All Defendants*)**

140. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

141. Sutter has performed the unlawful actions herein alleged and failed and refused to compensate Plaintiff and members of the Putative Class for: all the overtime hours worked, the unlawful deductions for meal and rest breaks not had, the failure to

maintain accurate pay records and the engagement in an unlawful policy of intimidation and retaliation as set forth herein. As a result, Plaintiff and the Putative Class members are entitled to damages for the two-year period last past for the violations and continuing forward to the termination of this suit by judgment, settlement, or upon Sutter's customs, practices, policies, usages and procedures.

142.    Sutter enacted such procedures as alleged herein, which institutionally prevented Plaintiff and the other members of the Putative Class from receiving compensation for hours worked in excess of the standard forty-hour workweek. Sutter also required Plaintiff and members of the Putative Class to continue with their work during meal and rest breaks for which they had been forced to clock out after their scheduled workdays had ended, all without compensation, resulting in Plaintiff and the Putative Class members working in excess of a forty-hour workweek.

143.    In doing all the things described and alleged above, Sutter has deprived Plaintiff and Putative Class members of their rights, privileges, and immunities secured under the FLSA, which clearly sets forth that Plaintiff and Putative Class members are entitled to be paid at the rate of one and one half times their regular rate of pay for all FLSA overtime hours worked, and are also entitled to be paid compensation for all missed and/or interrupted meal periods for which deductions were made, including meal breaks taken at the worksite while Plaintiff and Putative Class members continued to work.

144.    Plaintiff and Putative Class members are entitled to liquidated damages in an amount equal to the sums withheld from their pay.

## NINTH CAUSE OF ACTION

### RETALIATION

### VIOLATION OF CAL. LAB. CODE § 1102.5

**(*By Plaintiff and on Behalf of All Putative Class Members against All Defendants*)**

145.    Plaintiff realleges and incorporates herein by reference each and every allegation in the preceding paragraphs of this Complaint as though fully set forth herein.

146. Section 1102.5 of the California Labor Code prohibits an employer from retaliating against an employee for disclosing information to a person with authority over the employee if the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute and/or a violation or noncompliance with a local, state, or federal rule or regulation.

147. Plaintiff and the other members of the Putative Class were disciplined for complaining about and reporting Defendant Sutter's violations of the FLSA and the California Labor Code, including but not limited to Defendant Sutter's practices of denying meal and rest breaks to employees, failing to pay employees proper overtime compensation, and illegally altering employee timecards.

148. As a consequence of Defendants' willful retaliation against Plaintiff and the other members of the Putative Class, Putative Class members are entitled to civil penalties pursuant to Labor Code § 1102.5.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on her own behalf, and on behalf of the Putative Class members and Subclass members, as well as the general public, prays for judgment as follows:

## AS TO THE FIRST CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated Labor Code § 1194 and the related Wage Order by willfully failing to pay all wages due to Plaintiff and Putative Class members;

2. For statutory and compensatory damages, as well as prejudgment interest on any unpaid overtime compensation commencing from the date such amounts were due; and

3. For reasonable attorney's fees and costs of suit incurred herein pursuant to Labor Code § 1194(a).

///

### AS TO THE SECOND CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated Labor Code § 1194 and the related Wage Order by willfully failing to pay all overtime wages due to Plaintiff and Putative Class members;

2. For general unpaid overtime wages at overtime wage rates and for such general and special damages as may be appropriate;

3. For statutory and compensatory as well as prejudgment interest on any unpaid overtime compensation commencing from the date such amounts were due; and

4. For reasonable attorney's fees and costs of suit incurred herein pursuant to Labor Code § 1194(a).

### AS TO THE THIRD CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated Labor Code §§ 226.7 and 512 and the related Wage Order by willfully failing to provide all meal and rest periods (including second meal periods) to Plaintiff and Putative Class members;

2. That the Court make an award to the Plaintiff and Putative Class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was interrupted or not provided;

3. That the Court make an award to the Plaintiff and Putative Class members of one (1) additional hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

4. For premiums pursuant to Labor Code § 226.7(b); and

5. For statutory and compensatory, as well as prejudgment interest on any unpaid wages from the date such amounts were due.

### AS TO THE FOURTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at

the time of termination of the employment of Plaintiff and the Putative Former Employee Subclass members;

2. For statutory wage penalties pursuant to Labor Code § 203 for Plaintiff and all Putative Former Employee Subclass members; and

3. For statutory and compensatory damages, as well as prejudgment interest on any unpaid wages from the date such amounts were due.

## AS TO THE FIFTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of Labor Code § 226(a) as to Plaintiff and Putative Class members, and willfully failed to provide accurate itemized wage statements thereto;

2. For statutory penalties pursuant to Labor Code § 226(e);

3. For civil penalties pursuant to Labor Code §§ 226(a) and 226.3; and

4. For statutory and compensatory damages, as well as prejudgment interest on any unpaid wages from the date such amounts were due.

## AS TO THE SIXTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated Business & Professions Code § 17200, et seq. by failing to provide Plaintiff and Putative Class members all compensation due to them, failing to provide meal periods, failing to provide rest periods, failing to provide accurate itemized wage statements, and failing to pay Plaintiff and all Putative Class members' wages timely as required by Labor Code §§ 201, 202 and 203;

2. For restitution of unpaid wages to Plaintiff and all Putative Class members and for statutory and compensatory as well as prejudgment interest from the day such amounts were due and payable;

3. For reasonable attorney's fees and costs of suit incurred herein per California Code of Civil Procedure §1021.5.

- 35 -

## AS TO THE SEVENTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants willfully violated the FLSA;

2. For all actual, consequential, liquidated and incidental losses and damages according to proof;

3. For all liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b);

4. For all other damages and relief as allowed in accordance with FRCP 54(c); and

5. For any and all relief as the Court may deem just and proper.

## AS TO THE EIGHTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated the FLSA;

2. For all actual, consequential, liquidated, and incidental losses and damages according to proof;

3. For all liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b);

4. For all other damages and relief as allowed in accordance with Federal Rule of Civil Procedure 54(c);

5. For any and all relief as the Court may deem just and proper.

## AS TO THE NINTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 1102.5;

2. For all actual, consequential, liquidated, and incidental losses and damages according to proof;

3. For civil penalties under Labor Code § 1102.5;

4. For any and all relief as the Court may deem just and proper.

## AS TO ALL THE CALIFORNIA LABOR CODE CLAIMS

1. That the Court declare, adjudge, and decree that Defendants' payroll practices as to Plaintiff and the Putative Class members violated one or more sections of the

1       Labor Code;

2    2.  For civil penalties pursuant to Labor Code § 2699; and

3    3.  Attorney's fees and costs of suit pursuant to Labor Code § 2699(g)(1).

Dated:  July 9, 2019                 **GERAGOS & GERAGOS, APC**

                                  */s/ Ben J. Meiselas*

BEN J. MEISELAS
MARCUS PETOYAN
MATTHEW M. HOESLY
NOAH GELDBERG
*Attorneys for Plaintiff,*
Gina Mangrubang on Behalf of Herself and All
Others Similarly Situated

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action.

Dated:  July 9, 2019                 **GERAGOS & GERAGOS, APC**

                                  */s/ Ben J. Meiselas*

BEN J. MEISELAS
MARCUS PETOYAN
MATTHEW M. HOESLY
NOAH GELDBERG
*Attorneys for Plaintiff,*
Gina Mangrubang on Behalf of Herself and All
Others Similarly Situated