MARCUS PETOYAN (SB# 109817)
CURTIS R. SARIAN (SB# 328867)
GERAGOS & GERAGOS
A Professional Corporation
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

Attorneys for Plaintiff
GINA MANGRUBANG on behalf of herself,
and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA MANGRUBANG, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>SUTTER BAY HOSPITALS, a California Corporation; and DOES 1–50, Inclusive,<br><br>          Defendants. | Case No. 3:19-cv-03947-JCS<br><br>**~~AMENDED [PROPOSED]~~ ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AS MOOT AND GRANTING PLAINTIFF'S REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT – AS MODIFIED BY THE COURT**<br><br>Dkt. Nos. 64, 70 |

///

///

///

~~On _____, 2021 Plaintiff's Unopposed [Revised] Motion for Preliminary Approval of the Class Action Settlement came on for hearing before this Court in Courtroom F before Judge Joseph C. Spero. Curtis R. Sarian of Geragos & Geragos appeared for Plaintiff, Thomas E. Geidt of GBG LLP appeared on behalf of Defendant.~~ On June 4, 2021, the Motion for Preliminary Hearing of Class Action Settlement ("Original Motion for Preliminary Approval") [Dkt. No. 64] came on for hearing. The Court requested supplemental materials in support of that motion, which were filed in the form of a Revised Motion for Preliminary Approval of Class Action Settlement ("Revised Motion for Preliminary Approval") [Dkt. No. 70]. The Court again requested additional materials, including complete and updated copies of the proposed settlement agreement and class notice. Those materials were filed on July 23, 2021 [Dkt. No. 74]. The Court GRANTS the Revised Motion for Preliminary Approval and DENIES the Original Motion for Preliminary Approval on the basis that it is now moot. All references to the settlement agreement and proposed notice in this Order refer to the versions supplied in Docket No. 74.

The Court having read and considered the papers on the motion, the arguments of counsel and the law, and the good cause appearing therefore,

**IT IS SO ORDERED:**

1. The Order incorporates the defined terms in the Class Action Settlement Agreement and Release of Claims.

2. The Parties' Settlement Agreement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. Continued litigation would have been expensive for both sides. The Parties acknowledge that litigating and trying this action may have resulted in delay of any recovery, involved significant risk as to liability of certification, and led to possible appeals. Class Counsel received the relevant information for the Class. Plaintiff has adequately demonstrated that the Settlement did not occur until Plaintiff and Class Counsel possessed sufficient information to evaluate the case and make an informed decision about settlement.

3. The Parties proposed Class Notice is legally sound because individual notices will be mailed to all Class Members whose identities are known to the Parties, and such notice is the best notice practicable. The Class Notice sufficiently informs Class Members of the terms of the Settlements, their right to receive a Settlement Share or elect not to participate in the Settlement, the processes for doing so, and the date and location of the Final Approval Hearing.

4. Any Class Member who does not submit a valid "Opt-Out" form will receive a Settlement Share based upon the allocation formula contained in the Settlement Agreement. Class Members who wish to exclude themselves from the Settlement must mail a signed Opt-Out not later than 45 days after the Settlement administrator mails the Class Notice.

5. Any Class Member who elects not to participate in the Settlement has 45 days after the mailing of the Class Notice to request exclusion from the Settlement pursuant to the procedures set forth in the Class Notice. Any Class Member who wishes to object to the Settlement, the Proposed Class Counsel Fee Payment, and/or Class Representative Service Payment will have the opportunity to do so at the Final Approval Hearing

6. Class Counsel must file their application for Class Counsel Fee Payment and Class Counsel Expense Payment prior to their motion for final approval of the settlement.

7. Simpluris, Inc. is appointed as Settlement Administrator, pursuant to the terms set forth the Settlement Agreement and grants approval of payment of fees and other charges of the Settlement administrator in an amount not to exceed $5,000.

8. Plaintiff Gina Mangrubang is approved as the representative of the Class and grants preliminary approval to a proposed service payment in an amount not to exceed $15,000, subject to the final approval by the Court following a further motion by Class Counsel

9. The Class Notice is approved **with the following modification: the Proposed Notice (Dkt. No. 74, ECF pp. 29-34) shall state at page 4 that the Final Approval Hearing will be conducted via Zoom, rather than in Courtroom F, and provide the Zoom login information for appearing at the hearing, that is, id. 161 926 0804, password 050855**. The Settlement Administrator is directed to mail the approved Class Notice and Opt-Out form by first-class mail to the Class Members as described in the Settlement Agreement.

10. The Court orders the following schedule of dates for the specified actions/further proceedings:

| EVENT | TIMING |
|---|---|
| Last day for Defendant to provide the Settlement Administrator a list of all Class Members, including last known addresses, telephone numbers, social security numbers, and the dates worked by each Class Member in the respiratory therapist position during the Class Period ("Settlement Class Information") in accordance with the distribution formula described in Paragraph 15(c) of the Settlement Agreement and Release of Claims | **14 calendar days** after entry of Court's Order granting preliminary approval of Settlement<br><br>**August 13, 2021** |
| Last day for Settlement Administrator to mail Notice and Request for Exclusion form to Settlement Class Members | **20 calendar days** after Defendant furnishes the Settlement Class Information to the Settlement Administrator<br><br>**September 2, 2021** |
| Last day for Request for Exclusion forms from the settlement by Settlement Class Members to be postmarked to Settlement Administrator. | ~~45~~ **46 calendar days** after mailing of Class Notice<br><br>**October 18, 2021** |
| Last day for Written Objections to the settlement by Settlement Class Members to be postmarked to Settlement Administrator | ~~45~~ **46 calendar days** after mailing of Class Notice<br><br>**October 18, 2021** |
| Last day for Request for Exclusion forms from the settlement by Settlement Class Members' whose notices were re-mailed because they were returned as non-deliverable. | **14 calendar days** beyond the original **45-day** response deadline to submit any Request for Exclusion, objections to the Settlement, or disputes over class eligibility<br><br>**November 1, 2021** |
| Last day for Written Objections to the settlement by Settlement Class Members' whose notices were re-mailed because they were returned as non-deliverable. | **14 calendar days** beyond the original **45-day** response deadline to submit any Request for Exclusion, objections to the Settlement, or disputes over class eligibility<br><br>**November 1, 2021** |
| Last day for Class Counsel to file and serve moving papers in support of its requests for attorney's fees and costs. | **15 calendar days** after the Settlement Administrator initially mails the Class Notices to the Class Members – that is, at least **30 days** before the Class Members' earliest deadline to submit Requests for Exclusion, objections, or disputes to the Settlement Administrator<br><br>**September 17, 2021** |
| Last day for Settlement Administrator to provide Class Counsel with an update as to requests for exclusions | **14 calendar days** after the final deadline for receipt of the Request for Exclusion Forms, that is, ~~59~~ **60 calendar days** following the |

|  | initial mailing of the Class Notice and Request for Exclusion Forms to Class Members if there are no re-mailings [**November 1, 2021**], or up to ~~73~~ **74 calendar days** following the initial mailing if any Notices need to be re-mailed [**November 15, 2021**]. |
|---|---|
| Final settlement approval hearing | **December 10, 2021 at 2:00 p.m.** |

11. A Final Approval Hearing will be held on **December 10, at 2:00 p.m. via Zoom (id. 161 926 0804, password 050855)** to determine whether the Settlement should be granted final approval as fair, reasonable and whether there was adequate notice to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement and will consider the request for approval of Class Counsel Fee Payment, Class Counsel Expense Payment, Class Representative Service Payments, and Settlement Administration Costs. Class Members and their counsel may support or oppose the Settlement and the motion for an award of attorneys' fees and costs and the Class Representative Service Payments, of they so desire, as set forth in the Class Notice.

12. Any Class Member may appear at the Final Approval Hearing in-person [by Zoom] or by his or her own attorney and show cause why the Court should not approve the Settlement, or object to the motion for an award for attorneys' fees and costs and the Class Representative Service Payments.

13. The Court Reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

DATED: July 30, 2021

_____
Honorable Joseph C. Spero