UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA MANGRUBANG,<br><br>    Plaintiff,<br><br>v.<br><br>SUTTER BAY HOSPITALS,<br><br>    Defendant. | Case No. 19-cv-03947-JCS<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 78, 82, 83 |

BEFORE THE COURT are Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Service Award, submitted by Plaintiff and Class Representative Gina Mangrubang, on behalf of herself, and all Settlement Class Members pursuant to Federal Rule of Civil Procedure 23. A Final Fairness Hearing was held on December 10, 2021.

The Court, having considered both Motions, the submissions of the Parties relating to the proposed Settlement, any objections, the arguments of counsel at the Final Fairness Hearing as well as the pleadings and papers on file herein, is of the opinion that the Motion for Final Approval of Class Action Settlement should be granted, and that the Motion for Attorneys' Fees, Costs, and Class Representative Service Award should be granted as to attorneys' fees and costs and granted in part as to Class Representative's service award.

It is therefore ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Final Approval of Class Action Settlement is GRANTED and that Plaintiff's Motion for

Attorneys' Fees, Costs, and Class Representative Service Award is GRANTED in part. Accordingly, it is further ORDERED as follows, and the Court makes the findings set forth below:

<u>Settlement Agreement</u>. "The Class Action Settlement Agreement and Release of Claims" ("Agreement" or "Settlement") that was submitted with the Plaintiff's [Revised] Motion for Preliminary Approval of Class Action Settlement [dkt. no. 74]; the Exhibits to the Agreement as revised; and the definitions of words and terms contained in the Agreement are incorporated in this Order.

<u>Preliminary Approval Order</u>. On July 30, 2021, this Court entered an Order Granting Plaintiff's [Revised] Motion for Preliminary Approval of Class Action Settlement – As Modified by the Court, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class (dkt. no. 75) ("Preliminary Approval Order"). The Agreement was preliminarily approved, pending the Final Fairness Hearing.

<u>Final Class Certification for Settlement Purposes</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies a Settlement Class consisting of non-exempt respiratory therapists employed by Defendant between July 9, 2015 and July 30, 2021, at Sutter Santa Rosa Regional Hospital, Sutter Lakeside Hospital, and/or Sutter Novato Hospital, as defined in the Agreement, to be known as the "Settlement Class."

<u>Prerequisites for Class Action</u>. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

(a) The Settlement Class appears so numerous that joinder of all members is impracticable. The Settlement Class consists of approximately 77 members;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

(c) The Class Representative's claims for the alleged violations under the Fair Labor Standards Act, the California Labor Code, Industrial Welfare Commission Wage Orders, and the California Business and Professions Code, appear to be typical of the claims of the Settlement Class; and

(d) The Class Representative and Class Counsel appear to be capable of fairly and

1 adequately protecting the interests of the Settlement Class Members in connection with the
2 proposed Settlement.

3   <u>Rule 23(b)(3) Class Action</u>. The Court finds that this action is maintainable as a class
4 action under the Federal Rule of Civil Procedure 23(b)(3) because:

5   (a) Common questions of law and fact appear to predominate over questions affecting
6 only individual persons in the Settlement Class; and

7   (b) Certification of the Settlement Class appears to be superior to other available methods
8 for the fair and efficient resolution of the claims of the Settlement Class members.

9   <u>Notice of Class Action Settlement to the Settlement Class</u>. Pursuant to the Preliminary
10 Approval Order and the Agreement, the Summary Notice was mailed to members of the
11 Settlement Class. The Court finds that the form, content, and method for notifying the Settlement
12 Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of
13 Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under
14 the circumstances and constitutes due and sufficient notice to all persons entitled to notice. The
15 Court further finds that the Settlement Administrator has complied with the Preliminary Approval
16 Order and with the requirements of and procedures under the Agreement for distribution of the
17 Notice to the Settlement Class.

18   <u>Exclusions</u>. Settlement Class Members were notified in the Settlement Notice of this class
19 action settlement and of their opportunity to request to be excluded from, or to opt out of, the
20 Settlement Class. According to the Settlement Administrator, no member of the Settlement Class
21 submitted a written exclusion/opt-out request to the Settlement Administrator.

22   <u>Objections to Settlement</u>. Settlement Class Members were also notified in the Settlement
23 Notice of their opportunity to object to the settlement by filing written objections with the Court.
24 According to the Settlement Administrator, there were no objections submitted by the Settlement
25 Class.

26   <u>Final Approval of Settlement</u>. The Court has considered all relevant factors for
27 determining the fairness of the Settlement and has concluded that all such factors weigh in favor of
28 granting final approval. In particular, the Court finds that the Settlement was reached following

3

meaningful discovery and investigation conducted by Plaintiff's counsel; that the Settlement is the result of serious, informed, adversarial and arm's-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable and in the best interests of the Class. Therefore, the Court grants final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e) and directs the parties to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

<u>Payment to Settlement Class</u>. The Settlement Administrator, Simpluris, shall cause payment to be issued to the Settlement Class Members pursuant to the terms for calculating Individual Settlement Payments as set forth in the Agreement and in accordance with the timing requirements of the Agreement.

<u>Service Award Payment to Plaintiff</u>. The Court finds that Gina Mangrubang is a suitable representative for the Settlement Class, and she is hereby appointed as the Class Representative. The Court finds that a Class Representative Service award in the amount of $7,500, is fair and reasonable compensation based upon the evidence presented regarding the services she provided and the risks she incurred in assisting Class Counsel. Although Plaintiffs requested a service award in the amount of $15,000, the Court finds that that amount is excessive. Although Ms. Mangrubang attests that she spent significant time investigating the facts of the case and communicating with class members and counsel, it is unclear how much time she spent on the case[1] and the timesheets supplied by Plaintiff's counsel reflect a relatively small amount of time billed for communications with Ms. Mangrubang. Nor is there any indication that she sat for a deposition. Therefore, the Court approves an award to Ms. Mangrubang of $7,500, to be paid in accordance with the Agreement.

<u>Attorneys' Fees to Class Counsel</u>. The Court confirms Marcus Petoyan and the firm of Geragos & Geragos, APC as Class Counsel in this action. The Court finds that Class Counsel have

---

[1] The Court disregards Mr. Petoyan's statement in his declaration that Plaintiff "estimates she has spent *at least* 15-24 hours a week for several years working on this case[,]" [dkt. no. 83-1 ¶ 28], in other words, literally thousands of hours on this case. There is no indication that Mr. Petoyan has first-hand knowledge of these hours spent working on the case, and Ms. Mangrubang herself does not include any estimate of the number of hours she spent on the case – much less an estimate of this magnitude. *See* dkt. no. 82-2.

1  sufficient experience, knowledge and skill to promote and safeguard the interests of the class.
2  Counsel has applied for an award of attorneys' fees incurred in this Action in the amount of
3  $150,000, representing 25% of the Gross Settlement Amount. The Court finds that this request is
4  fair and reasonable based on the evidence presented, and thus Class Counsel's request for
5  attorneys' fees is granted. The Court awards $150,000 to Class Counsel for its attorneys' fees
6  incurred in this action.

7  <u>Litigation Costs</u>. Class Counsel has requested an award of costs incurred in this matter in
8  the amount of $19,936.50. The Court finds that this request is fair and reasonable and is supported
9  by the evidence presented. Therefore, the Court awards Class Counsel reimbursement of its costs
10  in the amount of $19,936.50, pursuant to the terms of the Agreement.

11  <u>Settlement Administration Expenses</u>. The Court confirms its approval of Simpluris, Inc. as
12  the Settlement Administrator in this action. The Court finds that the requested administration cost
13  of $3,500 is fair, reasonable, and appropriate for reimbursement. The Court therefore approves
14  payment to Simpluris of this amount, which includes all costs and fees incurred to date as well as
15  estimated costs and fees involved in completing the administration of the Settlement in accordance
16  with the Settlement.

17  <u>Release of Class Members' Claims</u>. As of the date the Settlement becomes Final, all
18  Class Members are hereby deemed to have fully waived, relinquished and released, to the fullest
19  extent permitted by law, all Released Claims that they may have against the Released Parties, and
20  they are forever barred and enjoined from prosecuting the Released Claims against Defendant or
21  the Released Parties as set forth in the Settlement. Plaintiff is also bound by a complete and
22  general release of all known and unknown claims that she has asserted, or could have asserted,
23  against Defendant and the Released Parties in this action, as provided in the Settlement.

24  <u>Approval of FLSA Release</u>. The Court further finds that Plaintiff has satisfied the
25  prerequisites for treating this matter as a collective action under the Fair Labor Standards Act, 29
26  U.S.C. § 216(b); that the notice sent to the Settlement Class Members was adequate to notify them
27  of their right to opt in to the Settlement for purposes of releasing their FLSA claims as alleged in
28  the complaint; and that final approval of this Settlement with respect to the FLSA claim alleged

therein is therefore appropriate. The Court finds that those Class Members who negotiate, cash or deposit their settlement checks herein will thereby be deemed to have consented to participate in this action and to fully waive and release their FLSA claims, in accordance with the terms of the Settlement.

<u>Binding Effect of Agreement, Order, and Judgment</u>. The Agreement, this Final Approval Order, and the Final Judgment are binding on Plaintiff and on all Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the Settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendant and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns; excepting only as provided above with respect to Plaintiff's FLSA claim. As to the FLSA claim only, this Agreement, Final Order and Judgment will be fully binding on Plaintiff and on all Settlement Class Members who negotiate, cash or deposit the settlement checks sent to them by the Settlement Administrator.

<u>Cy Pres Award</u>. The Court approves and designates any cy pres award to be made to "Legal Aid At Work" in accordance with the terms of the Agreement.

<u>Jurisdiction</u>. Without affecting the finality of this Final Approval Order and Judgment, the Court retains jurisdiction over matters relating to this Order and the administration, interpretation, consummation, and enforcement of this Agreement

Plaintiff shall file a Settlement Administrator's declaration regarding the final accounting of the settlement funds within 21 days after the distribution of the settlement funds and payment of attorneys' fees.

**IT IS SO ORDERED.**

Dated: February 17, 2022

JOSEPH C. SPERO
Chief Magistrate Judge